**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DYLAN WALSH**

                              **Plaintiff,**

-against-                                                                                  1:08 -CV- 00611

**CITY OF KINGSTON; POLICE OFFICER T. FEENEY,**
**POLICE OFFICER RICHARD NEGRON, POLICE**
**OFFICER ANDREW ZELL, POLICE OFFICER**
**BARRY RELL, POLICE OFFICER B. LOWE, JOHN**
**DOES I-IV, all sued in their individual capacities**,

                              **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I. INTRODUCTION**

      Plaintiff commenced this action on June 11, 2008 pursuant to 42 U.S.C.§ 1983, alleging use of excessive force on the part of police officers of the City of Kingston. He also brings a municipal policy claim against the City of Kingston. Defendants move for Summary Judgment pursuant to Fed. R. Civ. P. 56. Plaintiff opposes portions of this motion, and concedes the claims against Defendants Negron, Zell and the City of Kingston.

**II. STANDARD OF REVIEW**

      In determining whether to grant summary judgment, the Court must view the

1

evidence in the light most favorable to the non-moving party. Patterson v. County of Oneida, N.Y., 375 F.3d 206, 219 (2d Cir. 2004); see also Tenenbaum v. Williams, 193 F.3d 581, 592 (2d Cir. 1999). The party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in the pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998); see also Govan v. Campbell, 289 F.Supp.2d 289, 295 (N.D.N.Y. 2003) (A plaintiff may not create a question of fact by simply making vague, conclusory allegations or broad denials.).

The function of this court, in reviewing a motion for summary judgment, is somewhat limited. As explained in Gorman-Bakos v. Cornell Co-op Extension of Schenectady County, 252 F.3d 545, 558 (2d Cir. 2001),

> [t]he function of the district court in considering the motion for summary judgment is not to resolve disputed issues of fact but only to determine whether there is a genuine issue to be tried. Assessments of credibility and choices between conflicting versions of events are matters for the jury, not for the court on summary judgment.

The Court may grant summary judgment only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); Savino v. City of New York, 331 F.3d 63, 71 (2d Cir. 2003) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) ("Federal Rule of Civil Procedure 56(c) requires a court to grant a motion for summary judgment whenever it determines that there is no genuine issue of material fact to be tried.")). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary

2

judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp., 477 U.S. at 323.  If the movant is able to establish a *prima facie* basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The nonmoving party must show, by affidavits or other evidence, admissible in form, that there are specific factual issues that can only be resolved at trial.  Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995).

       The Local Rules of the Northern District provide a mechanism for the efficient resolution of summary judgment motions.  See N.D.N.Y.L.R. 7.1(a)(3).  This mechanism places the burden on the parties to marshal the evidence either in support of or in opposition to the motion.  In this regard, Local Rule 7.1(a)(3) requires a party moving for summary judgment to submit a "Statement of Material Facts" which

> shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue.  Each fact listed shall set forth a specific citation to the record where the fact is established.  The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits.  It does not, however, include attorney's affidavits.

Further, to ensure compliance with this policy of efficient resolution, Local Rule 7.1(a)(3) makes clear that "[f]ailure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion."  In the event that the moving party fails to comply with Local Rule 7.1(a)(3), the Court is not required to conduct

3

its own review of the record in support of movant's factual assertions.  See Amnesty America v. Town of West Hartford, 288 F.3d 467, 470 (2d Cir. 2002) ("We agree with those circuits that have held that Fed. R. Civ. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.").

Defendant has failed to comply with N.D.N.Y.L.R 7.1(a)(3) despite being aware of it.  See Notice of Motion for Summary Judgment, Dkt. #31.  Nevertheless, because Plaintiff admits many of the unsupported assertions in Defendant's Statement of Material Facts, the Court will decide the motion based upon the factual admissions and the properly supported facts supplied by the Plaintiff.   It should also be noted that Defendants' "denial" of Plaintiff's counter Statement of Material Facts is improper under the Local Rules.  See N.D.N.Y.L.R 7.1(a)(3); N.Y. Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc., 426 F.3d 640, 648-49 (2d Cir. 2005) (upholding grant of summary judgment where "[t]he district court, applying Rule 7.1(a)(3) strictly, reasonably deemed [movant's] statement of facts to be admitted" because the non-movant submitting a responsive Rule 7.1(a)(3) statement that "offered mostly conclusory denials of [movant's] factual assertions and failed to include any record citations.").

## III. BACKGROUND

Plaintiff, Dylan Walsh ("Walsh"), was stopped during a routine checkpoint inspection by officers of the Kingston Police Department.  Plaintiff fled the scene of the vehicle inspection stop, leading officers on a five minute "high speed chase" around the City of Kingston.  Ex. 5 at 53:2-53:24.  Plaintiff was apprehended by the officers following

the conclusion of the chase, handcuffed, transported to the Kingston Police Department, and later transported to Kingston Hospital.  Id. at 6:15-7:7, 61:24-62:7, 64:22-10, Ex. 12.

Walsh asserts that at the end of the chase, he made no attempt to flee from his vehicle, instead exiting the vehicle and lying face down on the ground with his arms and legs spread.  Ex. 5 at 52:15-54:20.  He asserts that one officer placed his knee in Walsh's back and handcuffed him, which he did not resist.  Id. at 61:1-12.  While in this position, one officer held Walsh's mouth open while another sprayed pepper spray in his mouth and eyes.  Id. at 54:7-10, 55:1-5.  After this, one officer yelled "get the dog, get the dog."  Id. at 55:10-12.  And, once the dog was brought to the scene, one officer yelled "get him mother [explicative]."  Id. at 20-23, 73:12-74:3.

There is some dispute between the testimony of the officers present at the scene.  According to Officer Feeney, Walsh jumped from his car after it had come to a complete stop and started to flee, whereby Feeney ordered his dog to "get" Walsh.  Ex. 6 at 13:18, 16:10-17:9.  Feeney observed the dog, Odin, apprehend Walsh and then Feeney immediately called off the dog.  Id. at 20:4-19.

Officer Rell, also on the scene, testified that Walsh left his vehicle, "took a few steps and then dropped to the ground."  Ex. 7 at 13:20-14:17.  Rell further testified that he struggled with Walsh, "at which time [Walsh] was pepper sprayed" in order to subdue him.  Ex. 13.  Rell acknowledges that he "probably" was the officer who pepper-sprayed Walsh during the struggle.  Ex. 7 at 16:9-11.

Officer Lowe testified that he assisted in handcuffing Walsh who was resisting the officers' actions.  At the time, Walsh was lying face-down on the ground next to his vehicle.  Ex. 8 at 24:16-28:13, 32:9-23.  Lowe acknowledges that he was in close physical

5

contact with Walsh while Walsh was on the ground. Id. at 32:9-23. Lowe recalled smelling pepper spray but did not recall it being applied to Walsh. Id. at 28:16-29:24.

Officer Negron testified that he, along with his partner, Officer Zell, maneuvered their car perpendicular to Walsh's car, stopping just a few feet away. Ex. 9 at 18:13-23, 26:10-18. Negron then exited his car, moved quickly to the passenger side of Walsh's car, and secured the passenger. Id. at 21:15-22:3, 29:17-30:12. According to Negron, the first contact he had with Walsh was when Walsh was on the ground, next to the driver's side of the car. Id. at 32:24-33:4.

Officer Zell, Negron's partner, testified that he was within ten feet of Walsh's car. Zell also stated that he failed to see Walsh in front of his car. Ex. 7 at 9:9-21, 11:15-22.

At the hospital, Walsh's eyes were flushed out and he was treated for multiple dog bite wounds to his head and right arm. Id. at 6:15-7:7, 61:24-62:7, 64:9-16, 22-65:10, 66:10-17.

## IV. DISCUSSION

### a. Claims Against the City of Kingston, Officer Negron, and Officer Zell

Defendant moves to dismiss all claims, including the claims against the City of Kingston, Officer Negron and Officer Zell. Plaintiff concedes that there are insufficient facts to make out legally cognizable claims against the City of Kingston, Officer Negron, and Officer Zell. Accordingly, Defendants' motion as to these defendants is granted and all claims against them are dismissed.

### b. Claims against the Doe Defendants

Defendants' Notice of Motion seeks summary judgment dismissing all claims

"against all defendants." Dkt. # 31.  However, neither Defendants nor Plaintiffs' memoranda of law address the claims against the Doe defendants.  See dkt. # 31-10; dkt. # 34.

A review of the docket sheet reveals that Defendants' Answer, although referencing the Doe defendants in the caption, is submitted only on behalf of the City of Kingston and the individually-named officers.  See dkt. # 23.  Further, it does not appear that proper service was obtained over the Doe defendants.  See dkt. #s 18-20.

The failure to identify and properly serve the Doe defendants requires dismissal of the claims against them for lack of personal jurisdiction.  See Fed. R. Civ. P. 4(m);  Crump v. Ekpe, 2010 WL 502762, at * 5, n. 7 (N.D.N.Y. 2010)("Inasmuch as plaintiff has failed to identify and take steps to obtain jurisdiction over the John Doe defendants, I recommend dismissal of his claims against them.");  Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 709 F. Supp. 1279, 1282 (S.D.N.Y.1989) (citation omitted) (court lacks jurisdiction until defendants properly served with summons and complaint).

Because Fed. R. Civ. P. 4(m) requires notice to Plaintiff before claims are dismissed, the Court issues a conditional dismissal order.  The claims against the Doe defendants are dismissed effective March 8, 2010, unless, before that time, Plaintiff can demonstrate good cause as to why he has not identified the Doe defendants and obtained personal jurisdiction over each of them.  Absent further action by Plaintiff, no further Order will issue on the claims against these defendants.

### c. Excessive Force Claims

The Court next addresses Walsh's excessive force claims against the remaining Defendants.  The Fourth Amendment to the United States Constitution guarantees a

person the right to be free from the excessive use of force during an arrest. Graham v. Connor, 490 U.S. 386, 395 (1989).  The standard used for determining whether or not excessive force has been used is one of reasonableness.  As stated in Graham, 490 U.S. at 397,

> the "reasonableness" inquiry in an excessive force case is an objective one: the questions is whether the officers' actions are "objectively reasonable" in light on the facts and circumstances confronting them, without regard to their underlying intent or motivation.

Because an excessive force claim takes into account the circumstances of each particular incident, the inquiry required to assess such a claim is necessarily fact-intensive. Id. at 396-97, see also Sullivan v. Gagnier, 225 F.3d 161, 165 (2d Cir. 2000)  (pointing out that this fact intensive inquiry "requires consideration of the specific facts in each case."). When a court is presented with a summary judgment motion on an excessive force claim, the court must deny the motion when disputed facts exist which are "material to a determination of reasonableness." Kerman v. City of New York, 261 F.3d 229, 240 (2d Cir. 2001) ("Kerman II").

Here, Walsh's testimony is in clear contradiction to that of the Defendants' testimony on numerous material points, including whether or not Walsh attempted to flee after stopping his car; whether or not he resisted being handcuffed; and whether or not the use of pepper spray by the officers was necessary to effectuate an arrest.  A genuine issue of material fact exists for the fact finder to determine.  Under the facts and circumstances presented, a reasonable jury could find that excessive force was used against Plaintiff by some officers, or that the other officers failed to intervene to prevent the use of such force. Therefore, Defendants' motion on this basis is denied.

8

**d. Qualified Immunity**

Defendants also seek a grant of qualified immunity. For the Court to apply the doctrine of qualified immunity, it must first answer "whether a right was clearly established at the pertinent time," and second, "whether a defendant official's conduct was objectively reasonable, i.e. whether a reasonable official would reasonably believe his conduct did not violate a clearly established right, which is a mixed question of law and fact." Kerman v. City of New York, 374 F.3d 93, 108-09 (2d Cir. 2004) ("Kerman III").

At the time of the incident in question, it was clearly established that an individual had the right to be free of the use of excessive force during an arrest. Thus, qualified immunity will not be granted under the first prong.

The second prong requires the Court to consider both law and fact in making its determination. A finding that the "official's conduct was objectively reasonable as a matter of law may be appropriate where there is no dispute as to the material historical facts, [but] if there is such a dispute, the factual questions must be resolved by the fact finder." Kerman III, 374 F.3d at 108-09 (citations omitted). Here, there is a dispute of fact as to the material facts surrounding the arrest.

The second prong also requires the Court to determine what is "objectively reasonable" under the circumstances. Id. at 108-09. In making this determination, the Court must determine if "'officers of reasonable competence could disagree' on the legality of defendant's actions." Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995) (citing Malley v. Briggs, 475 U.S. 335, 341 (1986)). However, "if any reasonable trier of fact could find that the decedents' actions were objectively unreasonable, then the defendants are not entitled to summary judgment." Id.

9

In the instant case, there is a dispute regarding facts of material importance to the defense of qualified immunity, especially whether Walsh attempted to flee the scene and whether he resisted being subdued once apprehended.  These material factual disputes prevent the Court from determining the objective reasonableness of Defendants' actions and, thus, the applicability of the qualified immunity defense.   Therefore, the motion on this ground is denied.

## V.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants' motion for summary judgment is **GRANTED IN PART and DENIED IN PART**.

The motion is **granted to the extent** that all claims against Defendants City of Kingston, Officer Negron and Officer Zell are **DISMISSED.**

**Further,** all claims against the Doe defendants are **DISMISSED effective March 8, 2010, unless**, before that time, **Plaintiff can demonstrate good cause** as to why he has not  identified the Doe defendants and obtained personal jurisdiction over each of them.  Absent further action by Plaintiff, no further Order will issue on the claims against these defendants.

The motion is **denied i**n all other respects.

**IT IS SO ORDERED**

Dated: February 23, 2010

Thomas J. McAvoy
Senior, U.S. District Judge

10